**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**HENRY DUNN, III, ERICA SIMPSON-DUNN**,
*Individually and as parents and natural guardians*
of HE**NRY DUNN, IV**, an infant,

Plaintiff,

—against—

**THE CITY OF NEW YORK, NEW YORK CITY**
**POLICE DEPARTMENT, P.O. BERNARD**
**SOLOMON, SHIELD NO. 17425, DET. JEFFERY**
**MILLER, SHIELD NO. 4303, DET. JEFF HARRIS,**
**SHIELD NO. 1542, POLICE OFFICERS**
**JOHN DOE AND JANE DOE 1-10,** *jointly and*
*severally as,*

Defendants.

Index No.: 08-cv-03208

**VERIFIED COMPLAINT**

 

**NOW COME** the Plaintiffs, **HENRY DUNN, III, ERICA SIMPSON-DUNN**,

*Individually and as parents and natural guardians* of **HENRY DUNN, IV**, an infant, by and through

their attorney, D. Andrew Marshall Esq., alleging upon information and belief of the above-named

Defendant, as follows:

<h2 align="center"><u>VENUE AND JURISDICTION</u></h2>

    **1.**    That Jurisdiction is founded upon the existence of a Federal Question.

    **2.**    That this an action to redress the deprivation under color of statute, ordinance,

regulation, custom or usage of a right, privilege, and immunity secured to plaintiffs by the Fourth

and Fourteenth Amendments to the Constitution of the United States, 42 U.S.C. §1983 and arising

under the law and statutes of the State of New York.

    **3.**    That Jurisdiction is founded upon U.S.C. §1331 and §1343(3) and (4), this being an

action authorized by law to redress the deprivation under color of statute, ordinance, regulation,

custom or usage of a right, privilege, and immunity secured to plaintiffs by the Fourth and

Fourteenth Amendments to the Constitution of the United States, 42 U.S.C. §1983 and arising under the law and statutes of the State of New York.

4.    The amount in controversy exceeds, exclusive of interest and costs, the sum or value of SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS.

## PARTIES

5.    That the Plaintiff, **HENRY DUNN, III,** is a Citizen of the United States and is a resident of the City, County and State of New York.

6.    The Plaintiff, **ERICA SIMPSON-DUNN,** is a Citizen of the United States and is a resident of the City, County and State of New York.

7.    The Plaintiff, **HENRY DUNN, IV,** is a Citizen of the United States and is a resident of the City, County and State of New York.

8.    Upon information and belief, that at all times, hereinafter mentioned, the Defendant **THE CITY OF NEW YORK** was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9.    Upon information and belief, that at all times, hereinafter mentioned, the Defendant **THE CITY OF NEW YORK**, its agents, servants and employees operated, maintained and controlled the **Police Department of the City of New York,** including all the police officers thereof.

10.    Upon information and belief, that at all times hereinafter mentioned, and on or prior to the 25th day of January 2007, Defendant **P.O. Bernard Solomon, Shield No. 17425,** was employed by Defendant, **THE CITY OF NEW YORK,** as a police officer.

11.    Upon information and belief, that at all times hereinafter mentioned, and on or prior to the 25th day of January 2007, Defendant **Det. Jeffery Miller, Shield No. 4303** was employed by Defendant, **THE CITY OF NEW YORK,** as a police officer.

12.     Upon information and belief, that at all times hereinafter mentioned, and on or prior to the 25th day of January 2007, Defendant **Det. Jeff Harris, Shield No. 1542** was employed by Defendant, **THE CITY OF NEW YORK,** as a police officer.

13.     This action arises under the United States Constitution, particularly under provisions of the Fourth and Fourteenth Amendments to the Constitution of the United States, and under federal law, particularly the Civil Rights Acts, Title 42 of the United Code, §1983 as well as the rights under the Constitution and laws of the State of New York.

14.     Each and all of the acts of the defendants alleged herein were done by the defendants, their agents, servants and employees, and each of them, not as individuals, but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York, the City of New York and the County of New York, and under the authority of their office as police officers of said State, City and County.

## PENDANT STATE CLAIMS

15.     That Notice of the Plaintiffs' Claim and Notice of Intention To Sue for Damages for cruel and unusual punishment, assault and battery, abuse of process, violation of civil rights, negligence injury, the intentional infliction of emotional distress, the unintentional infliction of emotional distress, negligence in hiring and retaining, negligence in performance and negligence in training and supervising, the nature of the claim and the date of, the time when, the place where and the manner in which the claim arose has not been duly served upon the Comptroller or DEFENDANT,  THE CITY OF NEW YORK .

16.     That no hearing has been held pursuant to §50(h) of the General Municipal Law.

## I.

## AS AND FOR FIRST CAUSE OF ACTION
## ON BEHALF OF PLAINTIFFS:
## 42 USC § 1983

17.    The Plaintiffs hereby repeat, reiterate and re-allege each and every allegation contained in paragraphs marked 1 through 16 with the same force and effect as if more fully and at length set forth herein.

18.    That on or about January 25, 2007, Plaintiff **HENRY DUNN, III** was falsely arrested by New York City Police Department, P.O. Bernard Solomon, Shield No. 17425, Det. Jeffery Miller, Shield No. 4303, Det. Jeff Harris, Shield No. 1542, Police Officers John Doe and Jane Doe 1-10 of the New York City Police Department, in the presence of Plaintiffs **ERICA SIMPSON-DUNN** and **HENRY DUNN, IV** and then deliberately, falsely and wrongfully charged **HENRY DUNN, III** with violating §220.16(1) of the Penal Law (Criminal Possession of a Controlled Substance in the Third Degree, BNVFO), and thereafter maliciously prosecuted by the defendants for said false charges..

19.    That on or about January 25, 2007, the date of the arrest through on or about November 21, 2007, P.O. Bernard Solomon, Shield No. 17425, Det. Jeffery Miller, Shield No. 4303 Jeff Harris, Shield No. knowingly, intentionally and deliberately persisted under the color of law with the fabrication and manufacture of said false charges against **HENRY DUNN, III.**

20.    That as a result of said knowing, intentional and deliberate persistence, under the color of law, with the fabrication and manufacture of false charges against **HENRY DUNN, III**, he was falsely arrested, falsely imprisonment in violation of federal and state civil rights, federal and state constitutional rights, subjected to an illegal search and seizure and suffered pain and suffering, and thereafter caused to languish in jail for 11 month pending the trial and dismissal of said false charges, thereby depriving Plaintiffs **ERICA SIMPSON-DUNN** and **HENRY DUNN**, IV of his services.

21.    The Defendants also unlawfully retained $74,973.00 the Plaintiff's money.

22.    The Plaintiff did not commit any illegal act, either before or at the time he was falsely arrested and imprisoned and maliciously prosecuted and deprived of his Constitutional rights as set forth in the Constitution of the United States, particularly 42 USC §1983 and the Constitution of the

State of New York, but was, instead, a victim of intentional, deliberate and conscious fabrication and manufacture of charges against **HENRY DUNN, III**.

23.    That at all times hereinafter mentioned, the Defendants were employed in their respective capacities by the Defendant, **THE CITY OF NEW YORK**, and were acting under the color of title official capacity and their acts were performed under the color of title of the policies, statutes, ordinances, rules and regulations of the City of New York.

24.    That at all times hereinafter mentioned, Defendant, P.O. Bernard Solomon, Shield No. 17425 was acting pursuant to order directives from the Defendant, **THE CITY OF NEW YORK**..

25.    That at all times hereinafter mentioned, Defendant, Det. Jeffery Miller, Shield No. 4303 was acting pursuant to order directives from the Defendant, **THE CITY OF NEW YORK**.

26.    That at all times hereinafter mentioned, Defendant, Det. Jeff Harris, Shield No. 1542 was acting pursuant to order directives from the Defendant, **THE CITY OF NEW YORK**.

27.    That at all times hereinafter mentioned, Defendants, **POLICE OFFICERS John DOE and JANE DOE  no. 1-10** were acting pursuant to order directives from the Defendant, **the City of New York**.

28.    That at all times hereinafter mentioned, the Defendant's police officers and each of them, separately, and in concert acted under color and pretense of law, to wit: under the color of title of the policies, statutes, ordinances, rules and regulations of the City of New York.

29.    The Defendants here, separately and in concert, engaged in the illegal conduct here against the Plaintiff, **HENRY DUNN, III**, and deprived Plaintiff of the rights, privileges and immunities secured to Plaintiff by the Fourth and Fourteenth Amendments to the Constitution of the United States and the laws of the United States.

30.    Although the Defendants knew or should have known of the fact that the conduct herein alleged was carried out by their agents, servants, and employees, the Defendant, **THE CITY**

**OF NEW YORK**, did not take any steps or make any efforts to halt this course of conduct, to make redress to the Plaintiff or to take any disciplinary action whatever against any of their employees or agents.

31.    The unlawful and illegal conduct of the Defendants, agents, servants, and employees, and each of them, deprived the Plaintiff(s) of the following rights, privileges and immunities secured to them, him, her by the Constitution of the United States and the State of New York:

a)    the right of the Plaintiff(s) to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments of the Constitution of the United States

b)    the right of the Plaintiff(s) to be informed of the nature and cause of the accusation against him se secured to him under the Sixth and Fourteenth Amendments of the Constitution of the United States; and,

c)    the right of the Plaintiff not to be deprived of life, liberty or property without due process of law, and the right to the equal protection of the law secured by the Fourteenth Amendment to the Constitution of the United States.

d)    that the DEFENDANTS, their agents, servants and employees failed to adequately an properly hire, retain and supervise, discipline or in any other way control the behavior and performance of the DEFENDANTS, their agents, servants and employees and in their hiring practices in the exercise of their law enforcement functions and their failure to enforce the laws of the State and CITY OF NEW YORK, is evidence of the reckless lack of cautious regard for the rights of the public including Plaintiffs and exhibited a lack of that degree of due care which prudent

and reasonable individuals would show in executing the duties of the DEFENDANTS; and,

e)   the failure of the DEFENDANTS, their agents, servants and employees, to hire, train, supervise, discipline, or in any other ways control the DEFENDANTS, in the exercise of their functions and their failure to enforce the law of the State and City of New York was and is carried out willfully, wantonly, maliciously and with such reckless disregard for the consequences as to display a conscious disregard for the dangers of harm and injury to the citizens of the State and City of New York, including PLAINTIFF; and,

f)   due to the acts of the DEFENDANTS, their agents, servants and employees herein, the failure of the City of New York to discipline the DEFENDANTS and their continued employment of the DEFENDANTS present a clear and present danger to the citizens of the City and State of New York; and;

g)   that the DEFENDANTS, their agents, servants and employees permitted the use of policy and/or drafted policy that violated the constitutional rights of the above-named PLAINTIFF; and, in that each and all of the acts of the DEFENDANTS, their agents, servants and employees alleged herein were done not as individuals but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York and the County of New York, and under the authority of their office as police officers for the City of New York.

32.    That by reason of and as wrongful conduct of the innocent Plaintiffs, the Plaintiffs demands **FIVE MILLION ($5,000,000.00) DOLLARS** as Compensatory damages and

**FIFTEEN MILLION ($15,000,000.00)** as punitive damages against the individually named

Defendant police officers.

## II.

## AS AND FOR SECOND CAUSE ON BEHALF
## OF PLAINTIFFS: P.O. BERNARD SOLOMON, SHIELD
## NO. 17425, DET. JEFFERY MILLER, SHIELD NO. 4303,
## DET. JEFF HARRIS, SHIELD NO. 1542, AND EACH AND
## EVERY INDIVIDUALLY NAMED DEFENDANT AND/OR
## JOHN OR JANE DOES 1-10

**33.**     The Plaintiffs, hereby repeat, reiterate and re-allege each and every allegation contained

in paragraphs marked 1 through 32 with the same force and effect as if more fully and at length set

forth herein.

**34.**     That the Plaintiff seeks punitive damages against the individually named police officers

**AGAINST P.O. BERNARD SOLOMON, SHIELD NO. 17425, DET. JEFFERY MILLER,**

**SHIELD NO. 4303, DET.  JEFF HARRIS, SHIELD NO. 1542** in particular to deter them and

other like-minded individuals from engaging in future similar conduct of falsely charging, falsely

arresting, falsely imprisoning and maliciously prosecuting innocent Plaintiffs who have not engaged

in criminal activities.

**35.**     That punitive damages is warranted under the facts and circumstance of this case

because **DEFENDANTS P.O. BERNARD SOLOMON, SHIELD NO. 17425, DET.**

**JEFFERY MILLER, SHIELD NO. 4303, DET.  JEFF HARRIS, SHIELD NO. 1542** neither

knew nor did they have reasonable cause to believe, nor did they have reasonable suspicion nor did

they have probable cause  knew that the **PLAINTIFF** had not broken any laws, rules or regulations,

was not disorderly, had not .contributed to his own severe injuries, was in need of immediate

medical attention and was deprived of immediate medical attention.

36.    That by reason of the Defendants' malicious prosecution, false arrest and imprisonment of this innocent Plaintiff, **HENRY DUNN, III**, the Plaintiff demands **FIFTEEN MILLION ($15,000,000.00) DOLLARS** as punitive damages from    **P.O. BERNARD SOLOMON, SHIELD NO. 17425, DET. JEFFERY MILLER, SHIELD NO. 4303, DET. JEFF HARRIS, SHIELD NO. 1542,** and the other individually named Defendants for their outrageous and illegal conduct herein.

## III.

## AS AND FOR A THIRD CAUSE OF ACTION
## ON BEHALF OF PLAINTIFFS: FOR ATTORNEY'S
## <u>FEES PURSUANT TO 42 USC §1988</u>

37.    The Plaintiffs hereby repeat, reiterates and re-allege each and every allegation contained in paragraphs marked 1 through 36 with the same force and effect as if more fully and at length set forth herein.

38.    That should the Plaintiffs be successful on his 42 USC §1983 claim against the City OF New York and the individually named Defendants, he will seek attorney's fees pursuant to said statute (42 USC Section 1988) under the cases therein provided.

**WHEREFORE,** the Plaintiffs demands judgment against the Defendants as follows:

**(A)    FIVE MILLION ($5,000,000.00) DOLLARS,** on the First, Second and Third Cause of Action.

**(B)    FIFTEEN MILLION ($15,000,000.00) DOLLARS** as punitive damages on the First, Second and Third Cause of Action; and reasonable attorney's fees on the Third Cause of Action.   Attorney's fees pursuant to Statute. Cost and Disbursements together with any other negligent this Court deems just and proper.

## IV.

## AS AND FOR A FOURTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFFS:

## NEGLIGENCE IN HIRING AND RETAINING

**39.**    The PLAINTIFFS hereby repeats, reiterates and re-alleges each and every allegation contained in paragraphs marked 1 through 38 with the same force and effect as if more fully and at length set forth herein.

**40.**    That the Defendant, THE CITY OF NEW YORK, was careless and reckless in hiring and retaining as and for its employees, the above named individuals; in that the said DEFENDANTS lacked the experience, deportment and ability to be employed by the Defendant; in that the Defendant failed to exercise due care and caution in its hiring practices, and in particular, in hiring the Defendant employees who lacked the mental capacity and the ability to function as employees of the aforementioned City Defendant.

**41.**    That Defendant, THE CITY OF NEW YORK, failed to investigate the above-named Defendants' background and in that they hired and retained as employees of their New York City Police Department individuals whose backgrounds contained information (based on information and belief) that revealed said DEFENDANTS lacked the maturity, sensibility and intelligence to be employed by the City Defendant in that the Defendant knew of the lack of ability, experience, deportment and maturity of said Defendant employees when they hired them to be employees and, in that the DEFENDANTS, their agents, servants and employees were otherwise careless, negligent and reckless.

**42.**    That the aforesaid occurrence, to wit, and negligence in hiring, retention and supervision, resulting in injuries there from deprivation of civil rights, were caused wholly and solely by reason of the negligence of the Defendant, its agents, servants and employees without any negligence on the part of the PLAINTIFF.

**43.**    That by reason of the aforesaid, the PLAINTIFFS were injured in mind and body, still suffers and upon information and belief, will continue to suffer mental pain, and he was incapacitated from his usual occupation and will, upon information and belief, be so incapacitated in

the future, he has suffered in an effort to cure himself of said injuries to extricate himself from the indignities and humiliation foisted upon him by the actions of the DEFENDANTS, their agents, servants and employees, including counsel fees and disbursements, and upon information and belief, will expend further sums in that direction, and the **PLAINTIFFS** has been otherwise damaged in the amount of **THIRTY MILLION ($30,000,000.00) DOLLARS**.

**V.**

## AS AND FOR A FIFTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFFS: NEGLIGENCE IN
## <u>TRAINING AND SUPERVISING</u>

**44.** The PLAINTIFFS hereby repeat, reiterate and re-allege each and every allegation contained in paragraphs marked 1 through 43 with the same force and effect as if more fully and at length set forth herein.

**45.** That the defendant, THE CITY OF NEW YORK, their agents, servants and employees, carelessly and recklessly failed to properly train and supervise their employees, in particular, the named DEFENDANTS, in that they failed to train their employees to control their tempers and exercise the proper deportment and temperament; and to otherwise act as reasonable, prudent POLICE OFFICERS; failed to give them proper instruction as to their department, behavior and conduct as representatives of their employer; and, in that the DEFENDANTS, their agents, servants and employees were otherwise reckless, careless and negligent.

**46.** That the aforesaid occurrence, to wit the assault and battery, withholding immediate medical attention and negligence in hiring, retention and supervision, resulting in injuries there from, were caused wholly and solely by reason of the negligence of the Defendants, its agents, servants and employees without any negligence on the part of the PLAINTIFFS.

**47.** That by reason of the aforesaid, the PLAINTIFFS were injured in mind and body, still suffers and upon information and belief, will continue to suffer great mental pain, and he was

incapacitated from his usual occupation and will, upon information and belief, be so incapacitated in the future, and he has expended and incurred sums of money in an effort to cure himself of said injuries to extricate himself from the indignities and humiliation foisted upon him by the actions of the DEFENDANTS, their agents, servants and employees, including counsel fees and disbursements, and upon information and belief, will expend further sums in that direction, and the PLAINTIFFS have been otherwise damaged because of the false and manufactured charges, and subsequent incarceration, trial and acquittal.

**48.**     That by reason of the aforesaid, the PLAINTIFFS, have been damaged in the sum of **Thirty MILLION ($30,000,000.00) DOLLARS**.

**VI.**

**AS AND FOR A SIXTH CAUSE OF ACTION
ON BEHALF OF PLAINTIFFS:
<u>NEGLIGENCE IN PERFORMANCE OF DUTIES</u>**

**49.**     The PLAINTIFFS hereby repeats, reiterate and re-allege each and every allegation contained in paragraphs marked 1 through 48 with the same force and effect as if more fully and at length set forth herein.

**50.**     That the DEFENDANTS, its agents, servants and employees negligently, carelessly and recklessly performed their law enforcement duties in that they failed to use such care in the performance of their law enforcement duties as a reasonably prudent and careful police officer would have used under similar circumstances; in that they carelessly, recklessly and negligently falsified charges against the PLAINTIFF HENRY DUNN, III, PLAINTIFF and withheld immediate medical attention from the PLAINTIFF HENRY DUNN III without making a proper investigation; in that they were negligent, careless and reckless in the manner in which they operated, controlled and maintained their agents, servants, and employees; and in that the DEFENDANTS, their agents, employees and servants were otherwise negligent, careless, and reckless.

51.    That the aforesaid occurrence, negligence in hiring, retention and supervision, resulting in injuries to mind and body there from, were caused wholly and solely by reason of the negligence of the Defendant, its agents, servants and employees without any negligence on the part of the PLAINTIFF.

52.    That by reason of the aforesaid, the PLAINTIFFS were injured in mind and body, still suffers and upon information and belief, will continue to suffer mental pain, and they were incapacitated from his usual occupation and will, upon information and belief, be so incapacitated in the future, and he has expended and incurred sums of money in an effort to cure himself of said injuries to extricate himself from the indignities and humiliation foisted upon him by the actions of the DEFENDANTS, their agents, servants and employees, including counsel fees and disbursements, and upon information and belief, will expend further sums in that direction.

53.    That by reason of the aforesaid, the PLAINTIFFS have been damaged in the sum of **THIRTY MILLION ($30,000,000.00) DOLLARS.**

## VII.

## AS AND FOR A SEVENTH CAUSE OF ACTION ON BEHALF OF PLAINTIFFS: INTENTIONAL AND NEGLIGENT <u>INFLICTION OF EMOTIONAL DISTRESS</u>

54.    The PLAINTIFFS hereby repeat, reiterate and re-allege each and every allegation contained in paragraphs marked 1 through 53 above with the same force and effect as if more fully and at length set forth herein.

55.    That on or about January 25, 2007, Plaintiff HENRY DUNN, III was falsely arrested by New York City Police Department, P.O. Bernard Solomon, Shield No. 17425, Det. Jeffery Miller, Shield No. 4303, Det. Jeff Harris, Shield No. 1542, Police Officers John Doe and Jane Doe 1-10 of the New York City Police Department, in the presence of Plaintiffs ERICA SIMPSON-DUNN and

HENRY DUNN, IV and then deliberately, falsely and wrongfully charged HENRY DUNN, III with violating §220.16(1) of the Penal Law (Criminal Possession of a Controlled Substance in the Third Degree, BNVFO), and thereafter maliciously prosecuted by the defendants for said false charges.

56.    That on or about January 25, 2007, the date of the arrest through on or about November 21, 2007, P.O. Bernard Solomon, Shield No. 17425, Det. Jeffery Miller, Shield No. 4303 Det. Jeff Harris, Shield No. knowingly, intentionally and deliberately persisted under the color of law with the fabrication and manufacture of said false charges against HENRY DUNN, III..

57.    That as a result of said knowing, intentional and deliberate persistence, under the color of law, with the fabrication and manufacture of false charges against HENRY DUNN, III, he was falsely arrested, falsely imprisonment in violation of federal and state civil rights, federal and state constitutional rights, subjected to an illegal search and seizure and suffered pain and suffering, and thereafter caused to languish in jail for 11 month pending the trial and dismissal of said false charges, thereby depriving Plaintiffs ERICA SIMPSON-DUNN and HENRY DUNN, IV of his services.

58.    The DEFENDANTS also unlawfully retained $74,973.00 the Plaintiff's money.

59.    The Plaintiff did not commit any illegal act, either before or at the time he was falsely arrested and imprisoned and maliciously prosecuted and deprived of his Constitutional rights as set forth in the Constitution of the United States, particularly 42 USC §1983 and the Constitution of the State of New York, but was, instead, a victim of intentional, deliberate and conscious fabrication and manufacture of charges against HENRY DUNN, III..

60.    That on or about January 26, 2007 through November 21, 2007 PLAINTIFFS sustained serious and permanent injuries including but not limited to: deprivation of constitutional rights, loss of consortium and otherwise severely and permanently injured.

61.    That on or about January 26, 2007 through November 21, 2007 the DEFENDANTS sadistically plotted to fabricate charges against PLAINTIFF HENRY DUNN, IIl, at the expense of PLAINTIFFS ERICA SIMPSON-DUNN and HENRY DUNN, IV.

62.    That the PLAINTIFF in no way contributed to his injury which was totally and wholly caused by the DEFENDANTS.

63.    That the aforesaid acts and omissions on the part of the DEFENDANTS deprived the PLAINTIFFS of their rights, privileges, immunities and liberties as set forth in the Constitutions of the United States and of the State of New York.

64.    The DEFENDANTS knew or should have known that the deprivation to the PLAINTIFFS was in violation of his constitutional and civil rights which was intended and did cause the PLAINTIFFS to suffer great pain and indignities.

65.    That by reason of the aforesaid deprivation, the PLAINTIFFS were subjected to great indignity, pain, humiliation, and great distress of mind and body and was held up to scorn and ridicule, was injured physically, in his character and reputation, was prevented from attending his usual business and avocation, was injured in his reputation in the community and the said PLAINTIFF has been otherwise damaged.

66.    The aforesaid deprivation constitutes extreme and outrageous conduct carried out with the intent to cause, or disregard of a substantial probability of causing, severe emotional distress.

67.    The aforesaid deprivation constitutes extreme and outrageous conduct carried out with the intent to cause, or disregard of a substantial probability of causing, severe emotional distress did in fact proximately and directly cause the PLAINTIFFS severe emotional distress.

68.    And the aforesaid deprivation was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

69.    That by reason of the aforesaid, the PLAINTIFFS have been damaged in the sum of

THIRTY MILLION ($30,000,000.00) DOLLARS.

# VIII.

## AS AND FOR A EIGHTH CAUSE
## OF ACTION ON BEHALF OF
## <u>PLAINTIFFS: NEGLIGENCE</u>

70.    The PLAINTIFFS, hereby repeats, reiterates and re-alleges each and every allegation

contained in paragraphs marked 1 through 69 above with the same force and effect as if more fully

and at length set forth herein.

71.    That on or about January 25, 2007, Plaintiff HENRY DUNN, III was falsely arrested

by New York City Police Department, P.O. Bernard Solomon, Shield No. 17425, Det. Jeffery Miller,

Shield No. 4303, Det. Jeff Harris, Shield No. 1542, Police Officers John Doe and Jane Doe 1-10 of

the New York City Police Department, in the presence of Plaintiffs ERICA SIMPSON-DUNN and

HENRY DUNN, IV and then deliberately, falsely and wrongfully charged HENRY DUNN, III

with violating §220.16(1) of the Penal Law (Criminal Possession of a Controlled Substance in the

Third Degree, BNVFO), and thereafter maliciously prosecuted by the defendants for said false

charges..

72.    That on or about January 25, 2007, the date of the arrest through on or about

November 21, 2007, P.O. Bernard Solomon, Shield No. 17425, Det. Jeffery Miller, Shield No. 4303,

Det. Jeff Harris, Shield No. knowingly, intentionally and deliberately persisted under the color of law

with the fabrication and manufacture of said false charges against HENRY DUNN, III..

73.    That as a result of said knowing, intentional and deliberate persistence, under the color

of law, with the fabrication and manufacture of false charges against HENRY DUNN, III, he was

falsely arrested, falsely imprisonment in violation of federal and state civil rights, federal and state

constitutional rights, subjected to an illegal search and seizure and suffered pain and suffering, and

thereafter caused to languish in jail for 11 month pending the trial and dismissal of said false charges, thereby depriving Plaintiffs ERICA SIMPSON-DUNN and HENRY DUNN, IV of his services.

74.    On January 25, 2007, the date of the arrest through on or about November 21st, 2007 and at all the times herein mentioned the PLAINTIFF HENRY DUNN, III was the subject of a malicious prosecution by the DEFENDANTS.

75.    On January 25, 2007 and at all times mentioned the DEFENDANTS owed the PLAINTIFFS a duty of reasonable care.

76.    On January 25, 2007 and at all times mentioned, upon information and belief the DEFENDANTS breached their duty of care to the PLAINTIFF by falsely charging him, arresting him, maliciously prosecuting him, and thereby causing him to be incarcerated for 11 months and away for PLAINTIFFS ERICA SIMPSON-DUNN and HENRY DUNN, IV whom were deprived of his services.

77.    On January 25, 2007 and at all times mentioned and upon information and belief, the DEFENDANTS knew or had reason to know that the PLAINTIFF HENRY DUNN, III's alleged acts or omissions did not warrant a response of leveling false charges.

78.    On January 25, 2007 and at all times mentioned and the upon information and belief, the DEFENDANTS knew or had reason to know that the PLAINTIFF HENRY DUNN, III's rights were being violated and that PLAINTIFFS ERICA SIMPSON-DUNN and HENRY DUNN, IV would be deprived of his services.  that

79.    On January 25, 2007 January 25, 2007 and at all times mentioned and upon information and belief, the conditions as caused, created and maintained by the DEFENDANTS was dangerous to the PLAINTIFFS and the PLAINTIFFS' safety was further compromised because of he DEFENDANTS' negligence, recklessness and carelessness in that they failed to exercise adequate supervision and care over the DEFENDANTS and their activities.

80.     On January 25, 2007 and at all times mentioned and upon information and belief, by reason of those conditions and the recklessness, carelessness, and negligence of the DEFENDANTS, the PLAINTIFFS were caused to suffer and sustain a injury to their constitutional and civil rights.

81.     On January 25th, 2007 and at all times mentioned and upon information and belief, the PLAINTIFFS neither contributed to their own injuries nor were they a threat or danger to the DEFENDANTS.

82.     By reason of the DEFENDANTS acts and omissions, the PLAINTIFFS have been damaged.

83.     That by reason of the aforesaid, the PLAINTIFFS have been damaged in the sum of **THIRTY MILLION ($30,000,000.00) DOLLARS.**

## IX.

## AS AND FOR A EIGHTH CAUSE
## OF ACTION ON BEHALF OF
## PLAINTIFFS: LOSS OF CONSORTIUM

84.     The PLAINTIFFS, hereby repeats, reiterates and re-alleges each and every allegation contained in paragraphs marked 1 through 83 above with the same force and effect as if more fully and at length set forth herein.

85.     That on or about January 25, 2007, Plaintiff HENRY DUNN, III was falsely arrested by New York City Police Department, P.O. Bernard Solomon, Shield No. 17425, Det. Jeffery Miller, Shield No. 4303, Det. Jeff Harris, Shield No. 1542, Police Officers John Doe and Jane Doe 1-10 of the New York City Police Department, in the presence of Plaintiffs ERICA SIMPSON-DUNN and HENRY DUNN, IV and then deliberately, falsely and wrongfully charged HENRY DUNN, III with violating §220.16(1) of the Penal Law (Criminal Possession of a Controlled Substance in the

Third Degree, BNVFO), and thereafter maliciously prosecuted by the defendants for said false charges..

86.    That on or about January 25, 2007, the date of the arrest through on or about November 21, 2007, P.O. Bernard Solomon, Shield No. 17425, Det. Jeffery Miller, Shield No. 4303, Det. Jeff Harris, Shield No. knowingly, intentionally and deliberately persisted under the color of law with the fabrication and manufacture of said false charges against HENRY DUNN, III..

87.    That as a result of said knowing, intentional and deliberate persistence, under the color of law, with the fabrication and manufacture of false charges against HENRY DUNN, III, he was falsely arrested, falsely imprisonment in violation of federal and state civil rights, federal and state constitutional rights, subjected to an illegal search and seizure and suffered pain and suffering, and thereafter caused to languish in jail for 11 month pending the trial and dismissal of said false charges, thereby depriving Plaintiffs ERICA SIMPSON-DUNN and HENRY DUNN, IV of his services.

88.    That at all the times herein mentioned, HENRY DUNN, III was the husband and FATHER  of Plaintiffs ERICA SIMPSON-DUNN and HENRY DUNN, IV, and as such, was responsible for her care and support and they were entitled to his comfort and the enjoyment of his society.

89.    By reason of the DEFENDANTS acts and omissions, the PLAINTIFFS have been damaged.

90.    That by reason of the aforesaid, the PLAINTIFFS have been damaged in the sum of **THIRTY MILLION ($30,000,000.00) DOLLARS.**

Dated:  February 5th, 2008
        New York, NY


                                        _____/S/_____

                                        D. Andrew Marshall Esq.
                                        Attorney for the Plaintiffs
                                        225 Broadway, Suite 1410
                                        New York, New York 10007
                                        Tel. (212) 571-3030

## <u>VERIFICATION</u>

STATE OF NEW YORK    )
                     ) SS
COUNTY OF NEW YORK)

        **HENRY DUNN, III,** being first duly sworn hereby deposes and says that:

    **1.**      I am the Plaintiff in this action.

    **2.**      I am over eighteen years of age and reside in New York, County, in the City of New York.

    **3.**      I verify that the statements made to my attorney are true to the best of my knowledge and belief.

    **4.**      All allegations made which are based upon  information and belief are made after consultation with my attorney and on the bases of the information available t me at this time.

    **5.**      I further verify that I have read the forgoing Complaint and that I know the contents thereof, the same is true to my knowledge, except to the matters therein stated to be alleged on information and belief, and as to those matters I believe to be true.



                                          **HENRY DUNN, III,**

On February        , 2008 before me, the undersigned, personally appeared**. HENRY DUNN, III,**  personally know to me or provided to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument be the individuals described in and who executed the foregoing and duly acknowledged to me that he executed it.

_____
**(Signature and office of the individual taking acknowledgment)**

## <u>VERIFICATION</u>

STATE OF NEW YORK   )
                                   ) SS
COUNTY OF NEW YORK)

       **ERICA SIMPSON-DUNN,** being first duly sworn hereby deposes and says that:

       **1.**       I am the Plaintiff in this action.

       **2.**       I am over eighteen years of age and reside in New York, County, in the City of New York.

       **3.**       I verify that the statements made to my attorney are true to the best of my knowledge and belief.

       **4.**       All allegations made which are based upon  information and belief are made after consultation with my attorney and on the bases of the information available t me at this time.

       **5.**       I further verify that I have read the forgoing Complaint and that I know the contents thereof, the same is true to my knowledge, except to the matters therein stated to be alleged on information and belief, and as to those matters I believe to be true.

                                        _____/S/_____
                                        **ERICA SIMPSON-DUNN**

On February      , 2008 before me, the undersigned, personally appeared**. ERICA SIMPSON-DUNN,** personally know to me or provided to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument be the individuals described in and who executed the foregoing and duly acknowledged to me that he executed it.

_____
**(Signature and office of the individual taking acknowledgment**)

## ATTORNEY'S VERIFICATION

**D. Andrew Marshall, Esq.,** an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am the attorney of record for Plaintiffs **HENRY DUNN, III, ERICA SIMPSON-DUNN**, *Individually and as parents and natural guardian* of **HENRY DUNN, IV**, an infant, in the instant action. I have read the annexed

### SUMMONS AND COMPLAINT

and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

Dated:    New York, New York
          February 19, 2008

                                         _____/S/_____
                                         D. Andrew Marshall, Esq.
                                         Attorney for the PLAINTIFFS
                                         225 Broadway Suite 1410
                                         New York, New York  10007
                                         (212) 571-3030 (office)
                                         (212) 571-13441 (facsimile)

State of New York      )
County of New York  ) Ss.:

On February 19, 2008 before me, the undersigned,  personally appeared **D. Andrew Marshall, Esq.**, personally know to me or provided to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument be the individuals described in and who executed the foregoing and duly acknowledged to me that he executed it.

_____
**(signature and office of the individual taking acknowledgment)**