UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

HENRY DUNN III, ERICA SIMPSON-DUNN, & HENRY
DUNN, IV                                                          **ANSWER**

                                        Plaintiffs,     Jury Trial Demanded

              -against-

THE CITY OF NEW YORK, NEW YORK CITY POLICE          08 CV 03208 (RJS)(GWG)
DEPARTMENT, P.O. BERNARD SOLOMON, SHIELD
NO.17425, DET. JEFFREY MILLER, SHIELD NO. 4303
DET. JEFF HARRIS, SHIELD NO. 1542, POLICE
OFFICERS JOHN DOE AND JANE DOE 1-10, *jointly and*
*severally* as,

                                   Defendants.

------------------------------------------------------------------------X

      Defendants City of New York, New York City Police Department, Detective
Bernard Solomon, Detective Jeffrey Miller and Detective Jeff Harris by their attorney, Michael
A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint,
respectfully allege, upon information and belief, as follows:

          1.     Deny the allegations set forth in paragraph "1" of the complaint herein,
except admit that plaintiffs purport to assert jurisdiction as stated therein.

          2.     Deny the allegations set forth in paragraph "2" of the complaint, except
admit that plaintiffs purport to base this action as stated therein.

          3.     Deny the allegations set forth in paragraph "3" of the complaint herein,
except admit that plaintiffs purport to assert jurisdiction as stated therein.

          4.     Deny the allegations set forth in paragraph "4" of the complaint.

          5.     Deny knowledge or information sufficient to form a belief as to the truth
of the allegations set forth in paragraph "5" of the complaint.

6.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8.    Deny the allegations set forth in paragraph "8" of the complaint, except admit that the City of New York is a Municipal Corporation.

9.    Deny the allegations set forth in paragraph "9" of the complaint, except admit that the City of New York maintains the New York City Police Department.

10.    Deny the allegations set forth in paragraph "10" of the complaint, except admit that Detective Bernard Solomon was employed by the New York City Police Department on and after January 25, 2007.

11.    Deny the allegations set forth in paragraph "11" of the complaint, except admit that Detective Jeffrey Miller, Shield No. 4303 was employed by the New York City Police Department on and after January 25, 2007.

12.    Deny the allegations set forth in paragraph "12" of the complaint, except admit that Detective Jeff Harris, Shield No. 1542 was employed by the New York City Police Department on and after January 25, 2007.

13.    Deny the allegations set forth in paragraph "13" of the complaint.

14.    Deny the allegations set forth in paragraph "14" of the complaint.

15.    Deny the allegations set forth in paragraph "15" of the complaint.

16.    Deny the allegations set forth in paragraph "16" of the complaint.

17.    In response to the allegations set forth in paragraph "17" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "16" of this answer, as if fully set forth herein.

18.    Deny the allegations set forth in paragraph "18" of the complaint.

19.    Deny the allegations set forth in paragraph "19" of the complaint.

20.    Deny the allegations set forth in paragraph "20" of the complaint.

21.    Deny the allegations set forth in paragraph "21" of the complaint.

22.    Deny the allegations set forth in paragraph "22" of the complaint.

23.    Deny the allegations set forth in paragraph "23" of the complaint, except admit that Detective Bernard Solomon, Detective Jeffrey Miller and Detective Jeff Harris were employed by the New York City Police Department on and after January 25, 2007.

24.    Deny the allegations set forth in paragraph "24" of the complaint.

25.    Deny the allegations set forth in paragraph "25" of the complaint.

26.    Deny the allegations set forth in paragraph "26" of the complaint.

27.    Deny the allegations set forth in paragraph "27" of the complaint.

28.    Deny the allegations set forth in paragraph "28" of the complaint.

29.    Deny the allegations set forth in paragraph "29" of the complaint.

30.    Deny the allegations set forth in paragraph "30" of the complaint.

31.    Deny the allegations set forth in paragraph "31" of the complaint, including all subparts.

32.    Deny the allegations set forth in paragraph "32" of the complaint.

33.    In response to the allegations set forth in paragraph "33" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "32" of this answer, as if fully set forth herein.

34.    Deny the allegations set forth in paragraph "34" of the complaint.

35.    Deny the allegations set forth in paragraph "35" of the complaint.

36.    Deny the allegations set forth in paragraph "36" of the complaint.

37.    In response to the allegations set forth in paragraph "37" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "36" of this answer, as if fully set forth herein.

38.    Deny the allegations set forth in paragraph "38" of the complaint.

39.    In response to the allegations set forth in paragraph "39" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "38" of this answer, as if fully set forth herein.

40.    Deny the allegations set forth in paragraph "40" of the complaint.

41.    Deny the allegations set forth in paragraph "41" of the complaint.

42.    Deny the allegations set forth in paragraph "42" of the complaint.

43.    Deny the allegations set forth in paragraph "43" of the complaint.

44.    In response to the allegations set forth in paragraph "44" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "43" of this answer, as if fully set forth herein.

45.    Deny the allegations set forth in paragraph "45" of the complaint.

46.    Deny the allegations set forth in paragraph "46" of the complaint.

47.    Deny the allegations set forth in paragraph "47" of the complaint.

48.     Deny the allegations set forth in paragraph "48" of the complaint.

49.     In response to the allegations set forth in paragraph "49" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "48" of this answer, as if fully set forth herein.

50.     Deny the allegations set forth in paragraph "50" of the complaint.

51.     Deny the allegations set forth in paragraph "51" of the complaint.

52.     Deny the allegations set forth in paragraph "52" of the complaint.

53.     Deny the allegations set forth in paragraph "53" of the complaint.

54.     In response to the allegations set forth in paragraph "54" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "53" of this answer, as if fully set forth herein.

55.     Deny the allegations set forth in paragraph "55" of the complaint.

56.     Deny the allegations set forth in paragraph "56" of the complaint.

57.     Deny the allegations set forth in paragraph "57" of the complaint.

58.     Deny the allegations set forth in paragraph "58" of the complaint.

59.     Deny the allegations set forth in paragraph "59" of the complaint.

60.     Deny the allegations set forth in paragraph "60" of the complaint.

61.     Deny the allegations set forth in paragraph "61" of the complaint.

62.     Deny the allegations set forth in paragraph "62" of the complaint.

63.     Deny the allegations set forth in paragraph "63" of the complaint.

64.     Deny the allegations set forth in paragraph "64" of the complaint.

65.     Deny the allegations set forth in paragraph "65" of the complaint.

66.     Deny the allegations set forth in paragraph "66" of the complaint.

67.    Deny the allegations set forth in paragraph "67" of the complaint.

68.    Deny the allegations set forth in paragraph "68" of the complaint.

69.    Deny the allegations set forth in paragraph "69" of the complaint.

70.    In response to the allegations set forth in paragraph "70" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "69" of this answer, as if fully set forth herein.

71.    Deny the allegations set forth in paragraph "71" of the complaint.

72.    Deny the allegations set forth in paragraph "72" of the complaint.

73.    Deny the allegations set forth in paragraph "73" of the complaint.

74.    Deny the allegations set forth in paragraph "74" of the complaint.

75.    The allegations set forth in paragraph "75" set forth conclusions of law to which no response is required.

76.    Deny the allegations set forth in paragraph "76" of the complaint.

77.    Deny the allegations set forth in paragraph "77" of the complaint.

78.    Deny the allegations set forth in paragraph "78" of the complaint.

79.    Deny the allegations set forth in paragraph "79" of the complaint.

80.    Deny the allegations set forth in paragraph "80" of the complaint.

81.    Deny the allegations set forth in paragraph "81" of the complaint.

82.    Deny the allegations set forth in paragraph "82" of the complaint.

83.    Deny the allegations set forth in paragraph "83" of the complaint.

84.    In response to the allegations set forth in paragraph "84" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "83" of this answer, as if fully set forth herein.

85.    Deny the allegations set forth in paragraph "85" of the complaint.

86.    Deny the allegations set forth in paragraph "86" of the complaint.

87.    Deny the allegations set forth in paragraph "87" of the complaint.

88.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "88" of the complaint.

89.    Deny the allegations set forth in paragraph "89" of the complaint.

90.    Deny the allegations set forth in paragraph "90" of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

91.    The complaint, in whole or in part, fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

92.    There was probable cause for plaintiff's arrest and prosecution.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

93.    At all times relevant to the acts alleged in the complaint, defendants City of New York, and Detective Bernard Solomon, Detective Jeffrey Miller and Detective Jeff Harris and their agents and officials, acted reasonably in the proper and lawful exercise of their discretion. Therefore, the defendants are entitled to immunity from liability.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

94.    Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or of intervening third parties and was not the proximate result of any act of the defendants.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

95.    Punitive damages are not recoverable against the City of New York.

- 7 -

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

96.    Plaintiff engaged in conduct which provoked his arrest and detention.

## AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE:

97.    Defendants Detective Bernard Solomon, Detective Jeffrey Miller and Detective Jeff Harris have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

98.    Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have they violated any Act of Congress providing for the protection of civil rights.

## AS AND FOR AN NINTH AFFIRMATIVE DEFENSE:

99.    The New York City Police Department is not a sueable entity.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

100.    Plaintiffs can not recover punitive damages from the City of New York.

**WHEREFORE**, defendants City of New York, the New York City Police Department and Detective Bernard Solomon, Detective Jeffrey Miller and Detective Jeff Harris request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       June 25, 2008

                                         MICHAEL A. CARDOZO
                                         Corporation Counsel of the
                                         City of New York
                                         *Attorney for Defendants* City of New York
                                         and Detective Bernard Solomon, Detective
                                         Jeffrey Miller and Detective Jeff Harris
                                         100 Church Street, Rm. 3-146
                                         New York, NY 10007
                                         (212) 788-1894

By:                                    David M. Pollack [DP 3873]
                                         Assistant Corporation Counsel

TO:
By ECF
Darrell Andrew Marshall, Esq.
225 Broadway, Suite 1410
New York, NY 10007